NO. 07-07-0222-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-07-0223-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-07-0225-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-07-0226-CRÂ 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C 

SEPTEMBER 23, 2008

______________________________


LINDSEY FORD JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
NOS. 2006-413,878, 2006-413,889, 2006-413,895, and 2006-414,532;
Â HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


ORDER DENYING MOTION FOR EXTENSION


Â Â Â Â Â Â Â Â Â Â Appellant, Lindsey Ford Jr., has filed a motion wherein he requests that this Court
grant him additional time to file a motion for rehearing in each of four appeals referenced
above.


 For the reasons stated, said motion is denied.
Discussion
Â Â Â Â Â Â Â Â Â Â On June 24, 2008, this Court issued its opinion in No. 07-07-0222-CR, affirming
Appellantâs conviction for the offense of forgery. At the same time, this Court issued its
opinion in No. 07-07-0223-CR, 07-07-0225-CR, and 07-07-0226-CR, affirming Appellantâs
three convictions for the offense of burglary of a habitation. The judgment of this Court
was entered on the same day in each cause. On August 13, 2008, Appellant, acting pro
se, filed his Motion for Extention (sic) of Time, requesting that this Court grant him
additional time to file a motion for rehearing.
Â Â Â Â Â Â Â Â Â Â A motion for rehearing may be filed within 15 days after the court of appealsâ
judgment or order is rendered. Tex. R. App. P. 49.1. A court of appeals may extend the
time for filing a motion if a party files a motion complying with Rule 10.5(b) no later than 15
days after the last date for filing the motion for rehearing. Tex. R. App. P. 49.8. A motion
complies with Rule 10.5(b) if it states (A) the deadline for filing the item in question; (B) the
length of extension sought; (C) the facts relied on to reasonably explain the need for an
extension; and (D) the number of previous extensions granted regarding the item in
question. Tex. R. App. P. 10.5(b).
Â Â Â Â Â Â Â Â Â Â The judgment of this Court was entered on June 24, 2008; therefore, the deadline
for filing a motion for rehearing was July 9, 2008. Appellantâs motion was filed on August
13, 2008, more than 15 days after the last date for filing the motion for rehearing. Because
Appellantâs motion for extension of time was not timely filed, we need not address whether
the motion complied with the requirements of Rule 10.5(b). 
Â Â Â Â Â Â Â Â Â Â Appellantâs motion for extension of time is denied.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice 



Do not publish.




ption Locked="false" Priority="63" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00305-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL E

Â 



JULY
20, 2011

Â 



Â 

JONATHAN L. HUCKS, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 364TH DISTRICT COURT OF
LUBBOCK COUNTY;

Â 

NO. 2005-408,734; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



Â 



Â 

Before HANCOCKÂ  and PIRTLE, JJ., and BOYD, S.J.[1]

Â 

OPINION

Â Â Â Â Â Â Â Â Â Â Â  Appellant,
Jonathan L. Hucks, appeals his conviction for the offense of sexual assault of
a child[2]
and resulting sentence of confinement in the Institutional Division of the
Texas Department of Criminal Justice for 20 years and fine of $10,000.Â  Appellant brings forth two issues.Â  We affirm.

Factual and Procedural Background[3]

Â Â Â Â Â Â Â Â Â Â Â  The
victim of this sexual assault, J.S., met appellant through his sister, Jessica
Stallings.Â  After first meeting
appellant, J.S. would at times hang out with his sister and appellant.Â  The record reveals that eventually appellant
began discussing sexual matters with J.S.Â 
These discussions lead to two previous events of sexual contact before
the incident that lead to this trial.Â  On
the evening of October 5, 2004, appellant and J.S., who was 14 years old at the
time, were in appellantÂs pick-up truck.Â 
According to the record, it was at this time that J.S. was persuaded to
perform anal sex on appellant.Â  After the
sexual encounter, J.S. was in his home when Jessica advised him that she had
heard a rumor at school that appellant was HIV positive.Â  That same evening, J.S. went to his mother,
Melissa Stallings, to discuss exposure to AIDS and HIV.Â  Owing to this discussion, Melissa found out
about the sexual assault and immediately called the police.

Â Â Â Â Â Â Â Â Â Â Â  Lubbock
Police Department Patrolman George Madrigal[4]
was assigned to the call.Â  After
ascertaining the nature of the offense in question, Madrigal took possession of
the blue jean pants and boxer shorts worn by J.S..Â  These items were turned into the LPD Property
Room and eventually forwarded to the Texas Department of Public Safety regional
laboratory for testing.Â  At trial, the
testimony revealed that the DNA evidence found on the boxer shorts was
compatible with appellantÂs DNA.

Â Â Â Â Â Â Â Â Â Â Â  Appellant
was indicted for the offense of sexual assault of a child on April 12, 2005 and
arrested the next day.Â  Ultimately,
appellant was tried on this offense beginning on June 21, 2010.Â  During the five years between appellantÂs
indictment and trial, no motions were filed with the trial court contending
that appellant either desired a speedy trial or that the indictment should be
dismissed for the failure of the State to bring him to trial.Â  The record further reflects that appellant
never objected during the trial to the failure of the State to bring his case
to trial or that his defense had suffered any harm by the length of time
between the arrest, indictment, and trial.Â 


Â Â Â Â Â Â Â Â Â Â Â  During
the trial, the State introduced evidence regarding JessicaÂs advising J.S. that
appellant might be HIV positive.Â  The
State offered the testimony to show why J.S. confided in his mother that he had
sexual contact with appellant.Â  The trial
court eventually allowed the testimony.Â 
Appellant objected on the basis that this testimony violated a motion in
limine, was speculation on the part of the witness, and was hearsay.Â  The trial court overruled those objections.Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  The
jury convicted appellant of sexual assault of a child and sentenced him to 20
years confinement and a fine of $10,000.Â 
Appellant now appeals contending that his Sixth Amendment right to a
speedy trial was violated and that the trial court committed reversible error
by admitting the testimony regarding appellant being HIV positive.Â  We will affirm.

Sixth Amendment Right to a Speedy
Trial

Â Â Â Â Â Â Â Â Â Â Â  By
his first issue, appellant contends that the five year delay between his
indictment, arrest, and trial violated his Sixth Amendment right to a speedy
trial.Â  U.S.
Const. amends. VI, XIV Â§
1.Â  Additionally, appellant contends that
the failure to bring appellant to trial within the five-year period violates
his rights under the constitution and statutes of the State of Texas.Â  Tex.
Const. art. IV, Â§ 3; Tex. Code of
Crim. Proc. Ann. art. 1.05. (West 2005).Â 


Preservation of Error

Â Â Â Â Â Â Â Â Â Â Â  As
an initial inquiry, we must ascertain whether the purported error has been
preserved for appeal.Â  See Tex. R. App. P. 33.1(a).[5]Â  Appellant admits that the speedy trial issues
were not discussed during his trial.Â  Our
search of the record reveals that no motion requesting a speedy trial was ever
proffered by appellant and that no objection to the lack of a speedy trial was ever
raised by motion filed or objection lodged.Â 
Thus, we are squarely faced with the question of whether we may consider
an issue claiming a denial of a speedy trial for the first time on appeal.

Â Â Â Â Â Â Â Â Â Â Â  Appellant
asserts that the failure to take any action in reference to a speedy trial or
the lack thereof does not forever waive his right to complain about the delay
and cites us to State v. Munoz, 991 S.W.2d 818, 825 (Tex.Crim.App.
1999), to support that proposition.Â 
However, the citation to Munoz is factually distinguishable to
the situation with which we are faced.Â 
In Munoz, there was a motion for dismissal for failure to grant a
speedy trial filed with the trial court.Â 
Id. at 822.Â  The speedy
trial issue in Munoz arose after a series of plea bargains had fallen
through and there was a subsequent 17-month delay in the trial of the
case.Â  Id.Â  It was within this factual background that
the Munoz court discussed the rejection of the Âdemand-waiverÂ rule by
the United States Supreme Court in Barker v. Wingo, 407 U.S. 514,
528-28, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).Â 
This discussion of the Supreme CourtÂs rejection of the Âdemand-waiverÂ
rule is not dispositive of the case before us.

Â Â Â Â Â Â Â Â Â Â Â  In
our opinion, this case is controlled by the holding of the Texas Court of
Criminal Appeals in Mendez v. State, 138 S.W.3d 334, 342 (Tex.Crim.App.
2004).Â  Mendez concerned the issue
of whether a trial court had a duty to change a defendantÂs plea of guilty to
not guilty on its own motion.Â  Id.
at 336.Â  During a plea of guilty before a
jury, the defendant testified he did not mean to shoot and kill the
victim.Â  Id. at 336-37.Â  In his appeal, he claimed that the trial
court, upon hearing his testimony, should have sua sponte withdrawn his plea of guilty.Â  Id.Â 
The court held that, Â[e]xcept for complaints involving systemic (or
absolute) requirements, or rights that are waivable only, which are not
involved here, all other complaints, whether constitutional, statutory, or
otherwise, are forfeited by failure to comply with Rule 33.1(a).ÂÂ  Id. at 342.Â  

In discussing the application of this
approach in a case involving allegations of prosecutorial vindictiveness that
denied the defendant due process under the law, the Texas Court of Criminal
Appeals reaffirmed its application of Mendez in Neal v. State,
150 S.W.3d 169, 175 (Tex.Crim.App. 2004).Â 
There, the court held that the Âtrial court neither disregarded an
absolute requirement (such as jurisdiction over the subject or person), nor
denied appellant a waivable-only right (such as the right to counsel or a jury
trial), so the only issue is whether appellant complied with Rule
33.1(a).ÂÂ  Id.Â  The court found that the defendant did not
comply with the requirements of Rule 33.1(a), therefore, failed to preserve the
issue for appellate review.Â  Id.Â  

Â Â Â Â Â Â Â Â Â Â Â  The
Court of Criminal Appeals again addressed the failure to preserve an issue for
appellate review in Anderson v. State, 301 S.W.3d 276 (Tex.Crim.App.
2009).Â  In Anderson, the issue was
an unsworn oral motion for continuance appellant made on the day trial was to
begin after the State had made known that it had DNA evidence linking the
appellant to the crime in question.Â  Id.
at 277.Â  The trial court denied the
motion, and, on appeal, the intermediate appellate court granted relief stating
that there was a Âdue process exceptionÂ to the rule that an unsworn oral
motion for continuance preserves nothing for appeal.Â  See Anderson v. State, 280
S.W.3d 130, 133 (Tex.App.ÂCorpus Christi 2008).Â 
Writing for a unanimous court, Judge Keasler rejected the Âdue processÂ
exception to the requirement that the error be preserved.Â  Anderson, 301 S.W.3d at 279-80.Â  The court stated that the Âdue processÂ
argument invoked was a broad and vague concept that was characterized as
Âamorphous.ÂÂ  Id.Â  The court pointed out that Ânumerous
constitutional rights, including those that implicate a defendantÂs due process
rights, may be forfeited for purpose of appellate review unless properly
preserved.ÂÂ  Id. at 280.
(citations to cases omitted).Â  

Â Â Â Â Â Â Â Â Â Â Â  The
Waco Court of Appeals recently addressed this issue in an unpublished opinion
and concluded that the failure of appellant to preserve the question of denial
of a speedy trial by motion or otherwise at the trial level operated to forfeit
the right to complain on appeal.Â  Kammerer
v. State, No. 10-10-00148-CR, 2011 Tex. App. LEXIS 1144, at *3
(Tex.App.ÂWaco Feb. 16, 2011, no pet.) (mem. op., not designated for
publication).Â  In so holding, the court
relied on the Court of Criminal Appeals holding in Neal and Anderson.Â  Id. at *2.Â  

Â Â Â Â Â Â Â Â Â Â Â  We
agree with the Waco court and find that appellant has failed to preserve this
issue for appeal.Â  The trial court did
not disregard any absolute requirement, nor did the trial court deny appellant
a waivable-only right.Â  See Neal,
150 S.W.3d at 175.Â  AppellantÂs first
issue, not being properly preserved for appeal, presents nothing for review and
is overruled.Â  

Â Â Â Â Â Â Â Â Â Â Â  Even
were we to assume that the preservation requirement of Rule 33.1(a) did not
impact our review of appellantÂs speedy trial claim, there very simply is
nothing in the record upon which we could grant the relief requested.Â  Our review of the record reveals nothing more
than the fact that between the time of indictment and trial a period of five
years elapsed.Â  While this is a
sufficient amount of time to trigger the first requirement of Barker, an
uncommonly long delay, there is nothing in the evidence to answer the other
inquiries required by the Barker analysis.Â  See Zamorano v. State, 84
S.W.3d 643, 648 (Tex.Crim.App. 2002).Â 
Specifically, there is nothing contained in the record before us to
explain the reasons for delay.Â  Id.
at 649.Â  Further, we have nothing, except
the assertions in appellantÂs brief, with which to address the issue of what
prejudice was suffered by appellant as a result of the delay.Â  Id.Â 
Accordingly, even if we could address the issue, we would have to
conclude that, based upon the record before us, appellantÂs speedy trial claim
should be denied.

Â 

Â 

Testimony Regarding HIV

Â Â Â Â Â Â Â Â Â Â Â  By
his second issue, appellant complains that the trial court permitted testimony
regarding an unadjudicated extraneous offense to be presented to the jury in
violation of Texas Rule of Evidence 404(b).[6]Â  Appellant posits that this testimony resulted
in a violation of appellantÂs due process rights.

Â Â Â Â Â Â Â Â Â Â Â  The
testimony in question involved statements that the victimÂs sister, Jessica,
had heard at her school regarding appellantÂs alleged status as HIV
positive.Â  The subject was first broached
in a bench conference prior to JessicaÂs testimony.Â  The StateÂs attorney ask to approach the
bench, and the following exchange occurred:

StateÂs attorney: I anticipate at this time, Your
Honor, going into with this witness what she told her brother, and that would
be in regards to a sexually transmitted disease . . . that this defendant was
alleged to have had.Â  And so I wonÂt go
into hearsay as to how she learned about it, but just what did she tell her
brother.Â  And so that Â and that Â that
conversation is what spurs the rest of the case to get investigated.

Â 

AppellantÂs attorney: We believe it violates the
Motion in Limine and brings in an extraneous offense which the Court has
previously ruled on.Â  And also, we
believe that itÂs pure speculation on her part as to what may or may not
happen.Â  And we object on the basis of
hearsay.

Â 

StateÂs attorney: First, your honor, itÂs not offered
for the truth of the matter asserted.Â 
ItÂs just what she told her brother, and thatÂs what led things further
at this time.Â  And as far as a Motion in
Limine, thatÂs not what weÂre injecting.

Â 

AppellantÂs attorney: Judge, weÂre just objecting to
the basis of theyÂre getting assumptive matter before this jury that has not
been proven and has not been gone into.

Â 

The Court: I understand.Â  The objection is overruled.

After this discussion, the State
proceeded with the examination of Jessica.

Preservation of Error

Â Â Â Â Â Â Â Â Â Â Â  The
State contends that the objection was not preserved for review because,
subsequent to the testimony by Jessica, both the mother, Melissa, and the
victim, J.S., testified about being concerned that appellant was HIV positive,
and, further, appellant never reurged his objection regarding an extraneous
offense.Â  We cannot agree with the State
because the objection was first urged at bench conference out of the hearing of
the jury.Â  Rule 103 provides that when an
objection to proferred evidence is made out of the presence of the jury, such
objection is sufficient to preserve the issue for appeal.Â  See Franklin v. State, No.
07-09-00167-CR, 2011 Tex. App. LEXIS 118, at *6 n.6, (Tex.App.ÂAmarillo Jan.
10, 2011, no pet.) (mem. op., not designated for publication).Â  Our analysis of the factual background
convinces us that the objection lodged during the bench conference permits our
review of the issue pursuant to Rule 103.

Analysis

Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
argument is centered on the assumption that the evidence offered by the State
is Rule 404(b)-type evidence of appellantÂs character offered to show
conformity therewith.Â  The State hotly
contests this characterization of the evidence.Â 
For purposes of this opinion we will assume, without deciding, that the
evidence falls into Rule 404(b)Âs purview and that its admission was
erroneous.Â  These assumptions still leave
the Court with the issue of harm.

In conducting a harm analysis, our inquiry is to determine whether the admission of the
evidence had an effect on appellantÂs substantial rights by a Rule 44.2(b) harm
analysis for non-constitutional errors.Â  See
Tex. R. App. P. 44.2(b);[7]
Haley v. State, 173 S.W.3d 510, 518 (Tex.Crim.App. 2005).Â  A substantial right is implicated when the
error had a substantial and injurious effect on the juryÂs verdict.Â  Haley, 173 S.W.3d at 518.Â  In order to ascertain the effect the error
may have had on the juryÂs verdict, we are directed to consider everything in
the record, including all of the evidence received by the jury and how the
alleged error might be considered in connection with other evidence supporting
the verdict.Â  See id.

Â Â Â Â Â Â Â Â Â Â Â  A
review of the record in this matter reveals the following: 1) the victim, J.S.,
testified about the events of the assault and identified appellant as the
perpetrator; 2) the police recovered the boxer shorts worn by J.S. on the night
of the incident; 3) the DNA analysis of the boxer shorts identified that
appellant could not be excluded as the donor of the DNA found; 4) not only
could appellant not be excluded, the analysis showed the probability of picking
someone at random to be a contributor to this particular DNA was one in 88.97
million for Caucasians, one in 13.18 million for African Americans and one in
93.72 million for Hispanics.Â  

In reviewing the record, we also
reviewed the closing argument of the State to ascertain whether the testimony
regarding HIV was emphasized.Â  The record
reveals that the testimony was referred to one time in opening and one time in
closing.Â  In both instances, the
reference dealt only with the reason the victim decided to speak to his mother
about the incident.Â  This, in turn, led
to the police being called to investigate.Â 
Based upon the totality of the record, we conclude that the admission of
the testimony in question had no impact upon the substantial rights of
appellant.Â  Id.Â  Therefore, the error, if there was one, would
be harmless.Â  AppellantÂs second issue is
overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having
overruled appellantÂs issues, we affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Publish.

Â 











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.Â  

Â 





[2] See Tex.
Penal Code Ann. Â§22.011(a)(2)(C) (West 2011).

Â 





[3]
Appellant does not contest the sufficiency of
the evidence to support the juryÂs finding of guilt; accordingly, only those
facts necessary for the disposition of this matter will be set forth in this
opinion.

Â 





[4]
By the time of trial, Patrolman Madrigal was
assigned to the detective division of the Lubbock Police and is identified as
Detective Madrigal in the record.





[5]
Further reference to the Texas Rules of
Appellate Procedure will be by reference to ÂRule ___.Â





[6] For purposes of our analysis of appellantÂs second
issue, further reference to the Texas Rules of Evidence will be by reference to
ÂRule ___Â or Ârule ___.Â





[7]
Rule of Appellate Procedure 44.2 provides:

Â 

(a)Â  Constitutional Error.Â 
If the appellate record in a criminal case reveals constitutional error
that is subject to harmless error review, the court of appeals must reverse a
judgment of conviction or punishment unless the court determines beyond a
reasonable doubt that the error did not contribute to the conviction or
punishment.

Â 

(b)Â  Other Errors.Â 
Any other error, defect, irregularity, or variance that does not affect
the substantial rights must be disregarded.